**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CIVIL ACTION NO. _____

ELIAS JAIME, and all other similarly situated under 29 U.S.C. 216(b),

       Plaintiff,

  v.

NOMI HEALTH, INC.,

       Defendant.

## DEFENDANT NOMI HEALTH, INC.'S NOTICE OF REMOVAL

Defendant Nomi Health, Inc. ("Nomi"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal of Case No. 2022-001819-CC-24, which is pending in the County Court in and for the Eleventh Judicial Circuit, Miami-Dade County, Florida. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND

1. On June 10, 2022, Plaintiff filed his Complaint in the County Court in and for the Eleventh Judicial Circuit, Miami-Dade County, Florida, titled *Elias Jaime and all others similarly situated under 29 U.S.C. 216(b) v. Nomi Health Inc.*, Case No. 2022-001819-CC-24.

2. On June 16, 2022, Plaintiff served a copy of the Complaint and Summons on Nomi. Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on Nomi are attached as **Exhibit A**.

3. This Notice of Removal is timely, as Nomi filed it within thirty (30) days of service. *See* 28 U.S.C. § 1446(b).

**THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION**

4. In the Complaint, Plaintiff purports to bring claims arising out of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*See* Ex. A, Complaint, at 1 ¶ 1.) Plaintiff seeks relief in the form of statutory and actual damages, along with the attorneys' fees and the costs of litigation, for alleged injuries, actual damages, and harm, as well as such other relief the Court may deem equitable. (*See* Ex. A.)

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." That is because Plaintiff alleges that Nomi violated the FLSA, which is a federal law. *Id.*

7. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

**VENUE AND NOTICE TO STATE COURT**

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the County Court in and for the Eleventh Judicial Circuit, Miami-Dade County, Florida, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Nomi, therefore, removes this action to the United States District Court for the Southern District of Florida, Miami Division.

9. Promptly upon the filing of this Notice of Removal, Nomi shall file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the

County Court in and for the Eleventh Judicial Circuit, Miami-Dade County, Florida, and will serve a copy thereof on Plaintiff through counsel, pursuant to 28 U.S.C. 1446(d). A copy of this Notice (without exhibits) is attached hereto at **Exhibit B**.

## CONCLUSION

10. Nomi submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

11. Should Plaintiff seek to remand this case to state court, Nomi respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Nomi asks that the Court retain jurisdiction and allow Nomi to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Eleventh Circuit, pursuant to 28 U.S.C. § 1292(b).

12. Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, due to Plaintiff's FLSA claims. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441.

13. WHEREFORE, Nomi submits that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the U.S. District Court for the Southern District of Florida, Miami Division. Nomi also requests all other relief, at law or in equity, to which it justly is entitled.

Respectfully submitted this 6th day of July 2022.

By: <u>s/ Andrew M. McKinley</u>
Andrew M. McKinley
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorney for Defendant Nomi Health, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, I presented the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record and served via U.S. Mail with adequate postage thereon addressed as follows:

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141

*s/ Andrew M. McKinley*
Counsel for Defendant