# Exhibit A

IN THE COUNTY COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT,
MIAMI-DADE COUNTY, FLORIDA

ELIAS JAIME and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

NOMI HEALTH INC.,

    Defendants.

CASE NO.:

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, ELIAS JAIME, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendant NOMI HEALTH INC., and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This Court has jurisdiction concurrent with the Federal Courts under 29 U.S.C. § 216(b).

3. This case involves damages less than $30,000.00, exclusive of attorney's fees and costs.

4. The Plaintiff ELIAS JAIME was a resident of Dade County, Florida at the time that this dispute arose.

5. The Defendant, NOMI HEALTH INC., is a foreign corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

6. All acts or omissions giving rise to this dispute took place in Dade County.

2 | P a g e

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiff who have not been paid the proper overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff ELIAS JAIME worked for Defendant as a courier making deliveries from on or about December 11, 2020 through to on or about September 17, 2021[1].

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff

---

[1] Except for approximately 6 weeks in 2021 when the Plaintiff did not work as he contracted COVID. After September 17, 2021, Plaintiff's position was changed to a supervisor and is **not** claiming overtime for his position as a supervisor from that date onward until the end of his employment on May 12, 2022.

used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

12. Additionally, Defendant regularly employed two (2) or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce and which were necessary to Defendant's business operations, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2020 and 2021.

14. Upon information and belief, the Defendant Corporations PRECISION HANDLING SYSTEM CORP. and JET ENGINE TOOLS CORP.'s gross sales or business done exceeded $125,000.00 for the first quarter of the year 2022.

15. Between the period of on or about December 11, 2020 through to on or about September 17, 2021, Plaintiff's was paid different hourly rates ranging from $17.00 per hour to $21.00 per hour.

16. During the period of about December 11, 2020 through to on or about September 17, 2021, Plaintiff worked approximately 1000.15 hours of overtime.

17. Plaintiff was always paid his regular hourly rate for all hours worked and was not paid the proper time and a half overtime rate for hours in excess of 40 hours each week in violation of the Fair Labor Standards Act.

4 | P a g e

18. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified in ¶ 10 above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. **The Plaintiff requests a trial by jury.**

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By:__/s/ J.H. Zidell_____
            J.H. Zidell, Esq.
            Florida Bar Number: 0010121

| | | |
|---|---|---|
| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION**<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2022-001819-CC-24 |
| **PLAINTIFF(S)**<br>ELIAS JAIME and all others similarly situated under 29 U.S.C § 216(b) | VS. **DEFENDANT(S)**<br>NOMI HEALTH, INC. | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NOMI HEALTH, INC.

Registered Agent: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: 300 71st Street, Suite 605
Miami Beach FL 33141

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK of COURTS** | DEPUTY CLERK | |

# AMERICANS WITH DISABILITIES ACT OF 1990
# ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 09/19                                    Clerk's web address: www.miami-dadeclerk.com

Filing # 151344286 E-Filed 06/13/2022 10:23:30 AM

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☑ CIVIL ☐ DISTRICTS ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** (a) GENERAL FORMS | **CASE NUMBER** 2022-001819-CC-24 |
| **PLAINTIFF(S)** ELIAS JAIME and all others similarly situated under 29 U.S.C § 216(b) | **VS. DEFENDANT(S)** NOMI HEALTH, INC. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NOMI HEALTH, INC.

Registered Agent: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: 300 71st Street, Suite 605
Miami Beach FL 33141

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK of COURTS** |  76445 DEPUTY CLERK | **DATE** 6/14/2022 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19    Clerk's web address: www.miami-dadeclerk.com

## RETURN OF SERVICE

State of Florida        County of Miami-Dade        Circuit Court

Case Number: 2022-001819-CC-24

Plaintiff:
**ELIAS JAIME AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. § 216(b)**

vs.

Defendant:
**NOMI HEALTH, INC.**

For:
J.H. ZIDELL, P.A.
300 71ST STREET
SUITE 605
MIAMI BEACH, FL 33141

Received by Lightning Legal Couriers on the 15th day of June, 2022 at 4:28 pm to be served on **NOMI HEALTH, INC. REGISTERED AGENT: CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Fred Humphries, do hereby affirm that on the **16th day of June, 2022** at **10:55 am**, I:

served a CORPORATION by delivering a true copy of the **Summons 20 Day Corporate Service and Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations** with the date and hour of service endorsed thereon by me, to: **LISA HOWARD AS INTAKE SPECIALIST FOR CT CORPORATION SYSTEM** as REGISTERED AGENT for NOMI HEALTH, INC., at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served. NO NOTARY REQUIRED PERSUANT TO F.S. 92.525(2)

Fred Humphries
SPS#824

**Lightning Legal Couriers**
**9280 SW 64 Street**
**Miami, FL 33173**
**(786) 286-4167**

Our Job Serial Number: LTN-2022003072

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

Filing # 151344286 E-Filed 06/13/2022 10:23:30 AM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☒ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2022-001819-CC-24 |
|---|---|---|
| PLAINTIFF(S)<br>ELIAS JAIME and all others similarly situated under 29 U.S.C § 216(b) | VS. DEFENDANT(S)<br>NOMI HEALTH, INC. | SERVICE<br>6-16-22 10:56<br>F.H. 824 |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): NOMI HEALTH, INC.

Registered Agent: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD

PLANTATION FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: 300 71st Street, Suite 605
Miami Beach FL 33141

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS |  76445<br>DEPUTY CLERK | DATE<br>6/14/2022 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19                                                    Clerk's web address: www.miami-dadeclerk.com

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-001819-CC-24
SECTION: MB01
JUDGE: Stephanie Silver

**Elias Jaime**

Plaintiff(s) / Petitioner(s)

vs.

**NOMI Health, Inc.**

Defendant(s) / Respondent(s)

_____/

### UNIFORM CASE MANAGEMENT ORDER SETTING PRETRIAL DEADLINES AND RELATED REQUIREMENTS (GENERAL PATHWAY - COUNTY CIVIL PROCEDURE CASES)

PLAINTIFF SHALL SERVE THIS ORDER UPON A DEFENDANT WITHIN 10 DAYS OF ANY FILING BY THAT DEFENDANT.

ALL PARTIES MUST READ CAREFULLY AS STRICT COMPLIANCE IS MANDATORY.

In compliance with the mandatory requirements of governing Administrative Orders regarding case management, the Court hereby ORDERS as follows:

1. Attorneys are professionally obligated to diligently litigate the case so litigation can conclude as soon as it is reasonably and justly possible. See Florida Rule of General Practice and Judicial Administration 2.545. The specific pretrial deadlines and requirements set forth herein shall be strictly enforced by the Court. Non-compliance with any part of this Order may result in sanctions including, but not limited to, striking of pleadings, monetary sanctions, waiver and/or default. It is on the parties to promptly and timely schedule hearings on filed motions.

2. The deadlines contained in this Order cannot be waived or extended by stipulation of the parties and remain in effect unless the Court grants an enlargement. A motion seeking an enlargement of a particular deadline shall specify detailed reasons for the enlargement and the amount of time requested.

3. In the event parties are unable to coordinate any non-dispositive and non-evidentiary hearing, deposition, or motion within a reasonable period of time (not less than 72 hours) and after 3 documented attempts, the moving party shall unilaterally set the issue for hearing pursuant to divisional instructions to occur no less than 14 days and no more than 45 days after the third attempt.

4. SETTLEMENT:  Counsel shall immediately notify the Court in the event of settlement and submit a Stipulation of Settlement and Order of Dismissal.  Counsel shall also notify the Court of any pending hearings that will be cancelled as a result of the settlement.

5. SERVICE: Plaintiffs shall serve their actions promptly by **October 8, 2022** and in compliance with Florida Rule of Civil Procedure 1.070. Service issues shall be addressed promptly and with diligence. No extensions pursuant to Florida Rule of Civil Procedure 1.070 shall be granted without specific proof of diligent effort to effect service and a written explanation of what efforts the Plaintiff intends to pursue to effect service successfully, with proposed deadlines. No extension to serve a defendant beyond **January 5, 2023** shall be allowed.

6. The following litigation deadlines are set:

    a. ADDITION OF ANY NEW PARTIES shall occur by **December 6, 2022**.

    b. FACT WITNESS LIST shall be filed by **April 6, 2023**. The fact witnesses shall be in alphabetical order and contain the names and addresses of all non-expert witnesses. Only those witnesses listed shall be permitted to testify without leave of Court. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited. Within 30 days of discovering previously unknown witnesses, either party may seek leave of Court to amend their submissions, disclosures, or discovery obligations.

    c. EXHIBIT LIST shall be filed by **April 6, 2023**. The Exhibit List shall disclose a list of all documentary and physical evidence intended to be used at trial. Each item shall be specifically described and listed by number and description. Generic descriptions of exhibits are subject to being stricken. All listed exhibits shall have been made available to opposing counsel for examination, initialing, and copying. Parties shall timely amend their exhibit list.

    d. EXPERT WITNESSES shall be disclosed by **June 5, 2023** with the names and addresses of all the expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5)(A).  This includes disclosing the expert's area of expertise and serving a copy of each expert's reports or answers to expert interrogatories, if a report was prepared and/or expert interrogatories propounded. Each party is limited to one expert per specialty.  No other expert testimony shall be permitted at trial.

    e. FACT AND EXPERT DISCOVERY, including all inspections, depositions, and examinations, shall be completed no later than **November 2, 2023**. Written discovery shall be served no later than **September 28, 2023**. The parties shall timely coordinate the scheduling and setting of depositions for all witnesses and/or parties they intend to depose.

    f. MOTIONS FOR SUMMARY JUDGMENT and DAUBERT MOTIONS shall be filed by **August 4, 2023** and heard no later than **November 2, 2023**.

    g. OBJECTIONS TO PLEADINGS AND ALL OTHER PRETRIAL MOTIONS, except

    for motions in limine, shall be filed by **September 3, 2023** and heard no later than **November 2, 2023**. Any motion not filed and heard prior to the expiration of this deadline may be deemed waived or denied absent extraordinary circumstances which could not have been prudently anticipated, or by order of the Court entered prior to the expiration of the applicable time limitation.

  h. <u>MEDIATION</u>: Parties are hereby referred to mandatory mediation, which shall be completed no later than **November 2, 2023**. The parties shall comply with Florida Rules Civil Procedure 1.700, 1.710, 1.720, 1.730, and 1.750 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate, mutually coordinate and schedule the mediation conference. Costs of mediation shall be borne equally by both parties. Failure to mediate in good faith may result in the imposition of monetary sanctions.

7. <u>TRIAL</u>: The projected date of trial is **December 1, 2023**. A firm trial date will be ordered by the Court when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. Failure to do so will not be grounds for a continuance.

8. <u>JOINT PRETRIAL STIPULATION</u>: A Joint Pretrial Stipulation shall be filed by all parties (via counsel of record) no later than **November 2, 2023**. All parties shall cooperate in good faith in preparation of the Joint Pretrial Stipulation. Unilateral pretrial stipulations will not be accepted. The single, unified submission shall contain the following information in separately numbered paragraphs or sections:

   a. <u>Stipulated Statement of Facts</u>: A list of those facts that can be stipulated to and require no proof at the trial, together with a concise, impartial statement of the facts of the case.

   b. <u>Statements of Disputed Law & Fact</u>: Those issues of law and fact that are to be tried.

   c. <u>Witness Lists</u>: Parties shall attach the witness lists filed consistent with Paragraph 6b. and 6d. of this Order, including all rebuttal or impeachment witnesses. If any party objects to any witness, such objections shall be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.

   d. <u>Exhibit Lists</u>: Counsel shall initial each other party's exhibit list and exhibits consistent with Paragraph 6c. of this Order. If any party objects to the introduction of any such exhibit, such objection shall be stated in the Stipulation, setting forth the grounds with specificity. Parties shall attach the final, initialed exhibit lists with objections. Only those exhibits listed and initialed may be offered in evidence.

   e. <u>Jury Instructions</u>: If the trial is a jury trial, counsel shall identify and attach all agreed upon standard instructions and all special instructions. Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction, along with copies of supporting case law.

f. <u>Verdict Forms</u>:  If the trial is a jury trial, the proposed jury verdict forms shall be attached and designated as agreed to or disputed.

g. <u>Motions in Limine</u>:  Each party shall make any anticipated motion(s) in limine indicating all stipulations/agreed items and any motion(s) in limine requiring a Court ruling.

h. <u>Trial Estimate</u>:  Each party shall provide an estimate of the number of days for trial.

i. <u>Daubert issues</u>:  All Daubert issues involving any requests for Daubert-related evidence shall be in writing. Failure to do so shall constitute a waiver of any Daubert-related evidence issue.

j. <u>Other issues</u>: The parties shall list any other issue that could potentially take up unnecessary time during the trial to facilitate the resolution of those matters prior to the trial date.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>27th day of June, 2022</u>.

2022-001819-CC-24 06-27-2022 4:17 PM
Hon. Stephanie Silver

**COUNTY COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Jamie H. Zidell, zabogado@aol.com
Jamie H. Zidell, assistant.jhzidell@gmail.com

**Physically Served:**