**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 22-CV-22044-OTAZO-REYES**

ELIAS JAIME and all others similarly situated
under 29 U.S.C. 216(b),

   Plaintiff,

 v.

NOMI HEALTH, INC.,

   Defendant.
_____

**JOINT MOTION TO APPROVE SETTLEMENT**
**AND FOR DISMISSAL WITH PREJUDICE**

Plaintiff Elias Jaime and Defendant Nomi Health, Inc. hereby file this Joint Motion to Approve Settlement and for Dismissal with Prejudice, stating as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint asserts claims against Defendant for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). (Dkt. No. 1-2.) The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which will be submitted to this Court by email. The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the parties' Settlement Agreement, Plaintiff, Elias Jaime, will receive $6,500.00 that he alleges he is owed in overtime, and $5,500.00 as consideration for the additional, non-FLSA terms in the agreement. This amounts to a total of $12,000.00 for Mr. Jaime and Plaintiff's counsel will receive the total amount of $7,000.00 for fees and costs.

Defendant disputes Mr. Jaime's claims for overtime compensation under the FLSA. The main issues centered around whether (1) Plaintiff was an independent contractor or employee as defined by the FLSA; (2) even if Plaintiff were an employee, Defendant qualified as his joint employer; and (3) Plaintiff actually worked the hours claimed. Both parties presented cogent arguments and, after a settlement conference facilitated by the presiding Magistrate Judge, agreed it was best to resolve the case before incurring additional fees and costs in protracted litigation on the issues.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable. As the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353–54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), courts are to consider the following factors

    (1)    the existence of fraud or collusion behind the settlement;
    (2)    the complexity, expense, and likely duration of the litigation;
    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the probability of the plaintiffs' success on the merits;

(5)     the range of possible recovery; and

(6)     the opinions of counsel.

*Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1247 (S.D. Fla. 2016).

**(1)     *There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims. Moreover, the settlement was reached in the context of a settlement conference facilitated by the presiding Magistrate Judge.

**(2)     *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each party's resources.

**(3)     *The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged pay and time records, which they independently analyzed. Based on this analysis, and the uncertain result to which continued litigation could lead, the parties decided to resolve this matter.

**(4)     *The Probability of Success on the Merits Supports Settlement.***

The parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be entitled to any amount— let alone an amount greater than what the settlement provides—further supports the validity,

reasonableness, and fairness of the settlement at issue. As noted above, the Plaintiff's claims involve a multitude of legal issues, including with respect to the multi-factor analyses bearing on independent-contractor and joint-employment status, for which the ultimate resolution was highly fact-dependent. The parties, while represented by counsel, determined that their agreement reflects an appropriate balance of the merits-based risks and litigation-based costs that presented to each party from continued litigation, against the benefit of certainty that a settlement provides.

    **(5)**    ***The Range of Possible Recovery Supports Approval.***

The parties' settlement takes into account the potential validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendant.

    **(6)**    ***Counsel Agree That The Settlement Is Fair.***

Considering the facts of this case, including the time worked, the amount claimed, the and what the records reflect, as well as the potential defenses involved and the potential legal fees that may be incurred, the parties agree that the proposed settlement reached by the parties represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendant respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement.

Respectfully submitted this 27th day of October 2022.

J.H. ZIDELL P.A.                                SEYFARTH SHAW LLP


*/s/ J.H. Zidell*                                */s/ Andrew M. McKinley*
J.H. Zidell, Esq.                                Andrew M. McKinley
300 71st Street, Suite 605                       Florida Bar No. 122069
Miami Beach, Florida 33141                       1075 Peachtree Street, N.E., Suite 2500
Tel: (305) 865-6766                              Atlanta, GA 30309-3958
Fax: (305) 865-7167                              Telephone:  (404) 885-1500
Email: zabogado@aol.com                          Facsimile:  (404) 892-7056
Florida Bar No.: 0010121                         amckinley@seyfarth.com

*Counsel for Plaintiff Elias Jaime*             *Counsel for Defendant Nomi Health, Inc.*